## KRATZ *v.* COOK, ADMINISTRATOR.

[No. 4,501. Filed November 6, 1903. Rehearing denied January
13, 1904. Transfer denied February 19, 1904.]

APPEAL AND ERROR.—*Conclusions of Law.*—*Executors and Administra-
tors.*—*Inventory.*—*Exception.*—Where in an objection and exception
to an inventory in a decedent's estate the court rendered a
special finding of facts with conclusions of law, and thereafter
rendered a formal judgment of dismissal, the Appellate Court
will not hold the judgment of dismissal erroneous, since the
conclusions of law left unchanged would require the rendition
of a judgment the same in effect as that from which the appeal
was taken.

From Huntington Circuit Court; *J. C. Branyan,*
Judge.

Objections by John H. Kratz to the approval of the in-
ventory of Samuel E. Cook as administrator of the estate
of Mary A. Kratz, deceased. From a judgment dismiss-
ing the petition, the petitioner appeals. *Affirmed.*

*J. B. Kenner* and *C. K. Lucas,* for appellant.
*C. W. Watkins* and *H. C. Morgan,* for appellee.

BLACK, J.—The appellant filed his written objection to
the approval of the inventory of the estate of Mary A.
Kratz, deceased, filed by the appellee as administrator
thereof, and asked that the appellee be required to inven-
tory certain specified articles alleged to be property of the
decedent's estate. The appellee answered by a general de-
nial, and the court trying the matter rendered a special
finding of the facts with conclusions of law.

The appellant has discussed the second conclusion of law
alone, under an assignment of error as follows: "The
court erred in the second conclusion of law, in rendering
judgment on the special findings in favor of the appellee."
The second conclusion of law to which this assignment is
directed was as follows: "My conclusion of law, on the
foregoing facts, which I find to be true, is that the petition

of John H. Kratz to require said administrator to inventory said property should be, and is hereby, dismissed at his costs." Afterward, a motion for a new trial having been overruled, the court formally rendered judgment of dismissal, and that the appellee recover his costs and charges of the appellant.

The court, in its second conclusion of law, declared the petition of the appellant to be thereby dismissed at the appellant's costs, yet it afterward rendered a formal judgment upon the conclusions of law, and it is manifest that the second conclusion was not regarded or treated by the court as amounting to a judgment. The assignment of error discussed by counsel, which is the appellant's pleading in this court, and which must specifically point out the error of which the appellant desires to complain, is to the effect that the court erred in rendering judgment on the special findings in favor of the appellee in its second conclusion of law. If we should hold that in this respect the court did err in that conclusion of law, and should direct the court below to restate that conclusion, and in restating it to omit the portion thereof so objected to in the assignment of error, the remainder of the conclusion thus left unchanged would require the rendition of a judgment the same in effect as that from which this appeal has been taken, for the judgment must be in accordance with the court's conclusions of law upon the facts found and stated in the special finding.

We do not find any available error. Judgment affirmed.