## WHITCOMB v. ROLL.

[No. 6,002. Filed May 1, 1907.]

MECHANICS' LIENS.—*Time of Filing.—Additional Work.*—Where a contractor agreed to do certain work on a house, and, upon an examination, the owner required him to do certain additional work in completion of the contract, a notice of an intention to hold a mechanic's lien, filed within the statutory time after the completion of such additional work, is within the proper time.

From Superior Court of Marion County (65,729); *John L. McMaster,* Judge.

Suit by Harry W. Roll against James A. Whitcomb. From a decree for plaintiff, defendant appeals. *Affirmed.*

*O. B. Jameson, Frederick A. Joss* and *Linn D. Hay,* for appellant.

*Oliver H. Carson,* for appellee.

ROBY, P. J.—Suit by appellee against appellant to foreclose a mechanic's lien and to recover the contract price for work done and material furnished under a written contract, a copy of which is filed with the complaint. A special finding of facts was made and conclusions of law stated thereon. The disposition of this appeal depends upon the decision of two separate questions. The first one is whether the special findings show a compliance by appellee with the terms of his contract.

Appellee undertook by said contract to do interior decoration for appellant in a certain storeroom. The contract, after specifications as to the work, contained a clause as follows:

"In preparing said walls, we will cover the wood par-

titions now standing with canvas to make a suitable surface to work on, as above mentioned. All materials used to be of the best, and executed in a good, substantial, and workmanlike manner, for the sum of $200.''

The court found ''that the materials used in covering said partitions and preparing them for the painting were such as were used in the trade of decorating for such purposes, and were of the best character, and that the work done on said partition, as well as upon the other portions of the walls and ceilings of said room was done in a good, substantial, and workmanlike manner.''

The point made against the finding is that it does not state that a ''suitable surface to work on'' was made. We think, however, that substantial compliance with the contract is shown.

The contract between the parties was made on March 3, 1903. The work was begun on March 10 of said year. About the last of March appellee rendered his bill to appellant's manager for the contract price of said work. Said bill was forwarded to appellant, whose residence is in Boston, Massachusetts, and on May 6 he sent appellee a check for $100 on account, stipulating that said payment did not carry with it the acceptance of the work as it then stood. About June 20 following he visited Indianapolis, and had an interview with appellee's superintendent relative to said work. A number of objections were made thereto, and appellant expressed a readiness to pay when the job was made satisfactory. Appellee thereupon, for the purpose of obviating appellant's objections, made certain changes and additions thereto, and within sixty days thereafter, appellant still failing to pay the remainder of the contract price, filed his notice of and an intention to hold a mechanic's lien. The legal proposition relied upon as a basis of an exception to the conclusion of law that appellee had a lien and was entitled to a foreclosure thereon is that ''a lien once lost by the expiration of the time within which the statement or

notice by statute must be filed cannot be revived by the performance of additional work or the furnishing of additional material.'' No time was fixed by the contract within which such work should be completed. The delay in its completion was caused by appellant, and the work last done was in accordance with his suggestion. The facts do not afford a basis for the application of the legal proposition stated. There is evidence in the record sufficient to sustain the finding.

Judgment affirmed.