J. M. BYRNE et al., Partners, etc., *Appellants,* v. C. R. FORBES et al., *Appellees.*

No. 18,399..

HEADNOTE BY THE REPORTER.

MECHANIC'S LIEN—*Contract Abandoned—Time in Which Lien Must be Filed.* Where a contractor for the erection of a building wholly abandons his contract before its completion and the owner completes the building upon his own account and credit the lien cf a subcontractor for materials furnished is lost unless he files a statement therefor within sixty days from the last furnishing of material to such contractor. .

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 11, 1913. Affirmed.

*McCabe Moore,* and *J. N. Baird,* both of Kansas City, for the appellants.

*William B. Sutton,* and *William B. Sutton, jr.,* both of Kansas City, for appellee The Kansas Investment Company.

*Per Curiam:* The disputed questions of fact in this case are settled by the findings of fact; which are supported by sufficient evidence. The specific findings of fact relating to an item of $1.12 are not nullified nor

are the findings rendered inconsistent because it appears to be necessary to charge that item to the contractor, Forbes, in order to arrive at the balance found by the court to be due from him. It is a plain case of an error in compiling figures.

The legal proposition for which the plaintiff contends is foreclosed by the findings of fact. The owner did not adopt the contract of the contractor or undertake to fulfill or complete it whereby the owner in effect became substituted for the contractor. The owner simply finished his building in his own way upon his own account and credit after the contractor had abandoned his contract. As a result the plaintiff as a subcontractor was obliged to file its lien within the prescribed time after the last furnishing of material to the contractor, which it did not do.

The judgment of the district court is affirmed.