W. P. NELSON COMPANY *v.* WEYL, RECEIVER, ET AL.

[No. 10,094.    Filed December 18, 1919.]

1. APPEAL.—*Exceptions.—Conclusions of Law.—Modification of Judgment.*—Where the judgment follows the conclusion of law, error, if any, is in the conclusion and not in the judgment, and the remedy is by excepting to the conclusion of law and not by moving to modify the judgment. p. 681.

2. MECHANICS' LIENS.—*Notice.—Time for Filing.—Estoppel of Owner.*—The date of repainting fixes the time for the beginning of the period within which to file a notice of mechanic's lien, where the work contracted for had been fully done more than sixty days prior thereto, but had been refused by the lessee as incomplete and the repainting demanded, since it will be assumed that the lessee acted in good faith, and, although its contentions were wrongful, it is estopped from claiming, in a suit to enforce rights conferred by the lien, that the contract was in fact completed in the first instance. p. 681.

From Marion Superior Court (103,458); *Theophilus J. Moll*, Judge.

Proceeding upon petition by W. P. Nelson Company in the matter of the receivership of the Strand Theater Company (of Indiana), Carl L. Weyl, receiver. From the judgment rendered, the petitioner appeals. *Reversed.*

*Newberger, Simon & Davis* and *Weir, Ritter & Richards,* for appellant.

*Matson, Kane & Ross, Robert D. McCord, Adolph A. Schreiber* and *Weyl & Jewett,* for appellees.

McMAHAN, J.—The Strand Theater Company of Illinois and Ernest C. Divine were lessees of the Park Theater in the city of Indianapolis. On October 26, 1915, said lessees entered into an agreement with the appellant whereby they employed appellant, and the appellant agreed to furnish material and perform the necessary labor in overhauling and remodeling the theater building.

Appellant began this work in December, 1915, and continued the same in accordance with the specifications, except that by agreement one item was omitted and a credit of $60 was allowed therefor. Some extra work was done as provided in the contract of the value of $1,234. Said Strand Theater Company of

Illinois and said Divine subleased said theater build-ing to the Strand Theatre Company of Maine in Jan-uary, 1916, and said lease for the said theater was thereafter assigned to the Strand Theater Company of Indiana, which will herein be designated as the Indiana company. As a part of the consideration for the assignment to it, the Indiana company assumed and agreed to pay all contracts, agreements and other obligations entered into, and all expenses incurred or undertaken in connection with the improvement and equipment of said building, among which were debts and obligations to the appellant on account of its con-tract with the original lessees.

On June 24, 1916, appellant filed a notice in the office of the recorder of Marion county, Indiana, of its intention to hold a lien upon the real estate upon which said building is located, and upon the leasehold interest of said lessees in said real estate, for the sum of $5,159.20 for the work and labor done and material furnished under said contract. Carl H. Weyl was appointed receiver of all the property and assets of the Indiana company, and as such receiver took pos-session of said theater building and premises, and the leasehold estate of said company therein, and contin-ued in the possession thereof until August 5, 1916, when, under the orders of the court, he sold and as-signed said leasehold to one Shafer Zigler.

Appellant filed its petition in said receivership mat-ter alleging the facts as hereinbefore stated, and ask-ing that its lien on the premises be transferred to the funds in possession of the receiver, and that the amount due thereon be decreed to be a preferred debt and claim and a lien upon the funds in the hands of the receiver derived from the sale of said lease and leasehold estate.

The cause was tried by the court, and at the request of the parties the court found the facts specially. The court stated its conclusion of law thereon to the effect that the appellant was entitled to recover as a general creditor in the sum of $5,158.75, and judgment was rendered accordingly, without any right to a lien or priority on the funds in the hands of the receiver.

Appellant's exception to the conclusion of law presents the only question for our determination. The only question presented by the record is: Was the notice of the mechanic's lien filed within the sixty days after the furnishing of the materials and the performance of the labor as required by the statute? The court found the facts in substance as hereinbefore stated. The court also found that all the materials and all of the work which was done and performed by appellant were fully completed by appellant during the last week in January, 1916, and before the first day of February; that said work and materials were accepted by the Indiana company through its duly authorized representative at said time; that thereupon appellant removed all of its apparatus and material from said premises and turned said theater and work over to the Indiana company and rendered its statement for said labor and materials, and that said work at that time was completed in accordance with the contract between the Strand Theater Company of Illinois and appellant, and was done in a proper and complete manner; that during the early part of February, 1916, and when said bill for said work was submitted to the Indiana company, it, through its president, objected and urged that certain portions of the work were not properly done, but waived all objections, except the painting of the can-

opy in front of said theater, and requested appellant to repaint the same. The court finds that said canopy originally, in the latter part of January, 1916, was properly painted and accepted by the said theater company as aforesaid, but that on account of the action of inclement weather, and on account of the public coming in contact with the same it became despoiled; that nothing was done towards the repainting of said canopy by appellant until May 12, 1916, at which time, without making any charges or receiving any compensation therefor appellant repaired the painting of said canopy by repainting and retouching parts and portions thereof at an expense of $4.65; that in the interim between February 1, 1916, and May 12, 1916, appellant did no work and furnished no material towards the labor or improvement of said theater, and that after appellant so submitted its bill for said work and materials in the early part of February, 1916, and after it was presented to the president of the Indiana company, said company refused to make any payment on account of said bill until said appellant repainted said canopy. On May 16, 1916, the Indiana company paid appellant $1,000, and on June 7, 1916, $500, to apply on account of said contract. The value of all the materials furnished and labor performed by appellant under the contract was found to be $6,345. In addition to the said materials and labor, appellant performed other work and sustained loss on account of certain items which the court found amounted to $313.75, and which was not included in said contract.

Appellee contends that, under the facts found by the court, the contract was completed by appellant in January, 1916, and that the work of repainting said

canopy did not, under the facts, extend the time within which appellant could file its notice of a mechanic's lien. Appellant contends that the owner or lessee of the property, having refused to make any payment on the contract, and having demanded that such additional work be performed before any payment would be made, is estopped from claiming that the work was completed according to the contract in January, 1916.

In *Scheible* v. *Schickler* (1896), 63 Minn. 471, 65 N. W. 920, furnaces were put in a building and were warranted as to their capacity. The contract was fully performed, and the work accepted, but the furnaces did not fulfill the warranty. Under a subsequent contract, the contractor, in satisfaction of all damages, agreed to substitute certain other furnaces, which he did. The notice of lien was there filed within ninety days after the completion of the last work, but more than ninety days after the completion of the first work, and was held filed in time. In *Shaw v. Fjellman* (1898), 72 Minn. 465, 75 N. W. 705, the court in discussing a similar question said: ''After it was supposed that the work had been completed, and it was accepted or taken possession of by the owner, he or his agent might extend the time for filing a lien by requiring additional work to be done to remedy defects subsequently discovered, and the time for filing the lien would commence to run from the completion of such additional work.'' Citing *St. Louis Nat. Stock Yards* v. *O'Reilly* (1877), 85 Ill. 546; *Jeffersonville Water Supply Co.* v. *Riter* (1894), 138 Ind. 170, 37 N. E. 652; *McIntyre* v. *Trautner* (1883), 63 Cal. 429.

The Supreme Court of Minnesota, in *Minneapolis*

*Trust Co.* v. *Great Northern R. Co.* (1898), 74 Minn. 30, 76 N. W. 953, wherein a like question was involved, said: ''True, Ring & Tobin had completed their work properly, and were not obliged to furnish any more stone. But the railway companies demanded the change, and consented to the furnishing of more material in order to make that change. By demanding additional material before making payment, Maxfield assumed that Ring & Tobin had not completed their contract, and is now estopped to say that they had.'' This case again came before the Supreme Court in *Minneapolis Trust Co.* v. *Great Northern R. Co.* (1900), 81 Minn. 28, 83 N. W. 463, where the court said: ''By requesting Ring & Tobin to furnish the additional material before making payment, Maxfield, the contractor, assumed that Ring & Tobin had not completed their contract, and is now estopped from saying that they had;'' and held that plaintiff was entitled to the enforcement of a mechanic's lien. See, also, *Nichols* v. *Culver* (1883), 51 Conn. 177.

The appellant performed labor and furnished material under the contract of the value of $6,345, for which it had been paid $1,500. It also performed other labor and suffered loss amounting to $313.75. Appellant does not claim that it was entitled to a lien on the funds in the hands of the receiver derived from the sale of the leasehold estate, on account of the said sum of $313.75, but does contend that it was entitled to have a lien on said funds for the balance of $4,845 with interest, due it on account of the labor performed and materials furnished under the contract.

Appellee contends that, the judgment being right in so far as the $313.75 is concerned, no question is

presented, for the reason that no motion was made to modify the judgment. The judgment followed the conclusion of law. The error, if any, was not in the judgment, and could not be reached by a motion to modify. If the judgment had not been in accordance with the conclusion of law, a motion to modify it so as to conform with the conclusion of law would have been proper. Where the error is in the conclusion of law, the remedy is by excepting to the conclusion of law, and not by motion to modify either the conclusion or the judgment.

This is not a case where the contractor is attempting to revive a right to a lien already lost by voluntarily doing some work not required under his contract. Here the contractor had performed work and furnished material of the value of $6,345, and was entitled upon giving the statutory notice to a lien for that amount. There was also the further sum of $313.75 due appellant for which it was not entitled to a lien. The theater company, when the bill for the amount due appellant was presented to it for payment, objected and urged that portions of the work were not properly done, and requested that the canopy be repainted, and refused to make any payment on the bill until appellant repainted the canopy. We here have the owner of the property insisting that the work is not completed and refusing to make any payment to the contractor until it is completed as the owner insists it should be—a case where the contractor, in order to get his pay, accedes to the wrongful contentions of the owner. Under such a state of fact, we are of opinion that the owner of the property is estopped from claiming that the contract was in fact completed in the first instance and profit

by its own wrong in refusing to make any payment for the work which had been fully and honestly performed. The appellee receiver is in no better position than the owner of the leasehold interest which was sold.

The appellee is in no position to insist that the repainting of the canopy was a new arrangement wholly independent and separate from the original contract. There is no fact found which indicates that the item of repainting was not done by appellant in good faith for the purpose of completing its contract. Where the contrary is not found, we will presume that both parties were acting in good faith, and that, when the theater company insisted that the contract was not completed, it honestly believed it was right in that contention. We hold that the repainting of the canopy was "the last item" performed under the contract, and that the time for filing notice of a mechanic's lien dated from May 12, 1916. *Conlee* v. *Clark* (1896), 14 Ind. App. 205, 42 N. E. 762, 56 Am. St. 298; *Whitcomb* v. *Roll* (1907), 40 Ind. App. 119, 81 N. E. 106.

The court erred in its conclusion of law. The judgment is reversed, with direction to the court to restate its conclusion of law in accordance with this opinion.