## BROWN *v.* CONLIN ET AL.

[No. 10,777. Filed October 7, 1920.]

1. APPEAL.—*Review.—Ruling on Motion to Modify Judgment.*— It was not error for the trial court to overrule a motion to modify a judgment, where the judgment was not improper in form and it followed the findings of the court. p. 632.

2. PARTITION.—*Costs.—Petition for Attorney's Fees.—Striking from Files.—Statute.*—Where, after decree for sale of property to effect partition, plaintiff filed a petition, which was sufficient under §1265 Burns 1914, Acts 1893 p. 315, to have her attorney's fees taxed as costs, it was not within the discretion of the court as to whether it would hear and determine the matter so presented, and it was error for the trial court to sustain a motion to strike the petition from the files. p. 632.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action for partition by Hattie Spencer Brown against Jesse Spencer Conlin and another. From a judgment for partition after plaintiff's petition to have the fees of her attorney taxed as costs had been stricken from the files, plaintiff appeals. *Reversed.*

*John W. Spencer, Merritt H. Perkins, Val Nolan* and *John W. Spencer Jr.,* for appellant.

*F. P. Leonard,* for appellees.

ENLOE, P. J.—The appellant, on November 8, 1919, filed her complaint in the Posey Circuit Court, alleging that she and the appellee Jessie Spencer Conlin were the owners of certain real estate, as tenants in common; that John Conlin, the other appellee herein, was the husband of said Jessie Spencer Conlin, and he was made a party to answer to his interest in said real estate, if any he had. The complaint also alleged the several interests of the owners therein, particularly described the land, alleged that the same was not susceptible of partition without manifest prejudice to the

parties in interest, and that the same would have to be sold, etc.  There was a prayer that the parties named be adjudged to be the owners thereof, and that the court appoint a commissioner to sell the same, and for all proper relief.

On December 8, 1919, the defendants appeared and filed their answer "that they admit the allegations of said complaint, and join in the prayer thereof.  The cause was then submitted to the court for trial, finding and decree.  The court found the interests of the parties severally, the finding being in accordance with the allegations in said complaint; that said lands were not susceptible of partition without damage to the parties, and that the same should be sold.  There was a decree accordingly, and the court appointed a commissioner to make the sale, fixed the terms thereof, notice to be given, etc., and ordered said commissioner to make report at the next term of court, to which term the cause was continued.

Thereafter, on January 13, 1920, the plaintiff, now appellant, filed her petition, asking the court to make an allowance to her attorneys for services rendered in said suit in the sum of $250, and that the court direct the commissioner to pay the same as a part of the costs and expenses of said suit.  This petition was, on motion of the appellees, stricken from the files, to which action of the court the appellant duly excepted.

The commissioner duly filed his report of the sale of said lands, which report was by the court approved and confirmed and order made for the payment of costs, commissioner's fees, etc., and for distribution.

Thereafter appellant filed her motion for a new trial, assigning as reasons therefor:  (1) Error in striking out her said petition for allowance of attorney's fees; (2) that the decision of the court was not sustained by sufficient evidence; (3) that the decision was con-

trary to law. This motion the court overruled and the appellant excepted.

Appellant next filed a motion to modify and correct said order, by ordering and directing said commissioner to pay to appellant's attorneys the sum of $250 as attorney's fees, to be allowed and taxed as a part of the costs in said cause. With this last motion appellant filed a stipulation, reciting that said sum of $250 was a reasonable fee for the services of plaintiff's attorneys rendered in said cause, if any such fee should be allowed. This motion was by the court also overruled, and appellant excepted and has duly prosecuted this appeal.

There was no error in overruling said motion to modify said judgment. It was not improper as to its form (*Lake Erie, etc., R. Co.* v. *Bowker* [1893], 9 Ind. 1. App. 428, 36 N. E. 864), and it followed the findings of the court. *Rader* v. *Sheets* (1901), 26 Ind. App. 479, 59 N. E. 1090; *Kratz* v. *Cook* (1904), 32 Ind. App. 469, 68 N. E. 689; *W. P. Nelson Co.* v. *Weyl, Rec.* (1919), 71 Ind. App. 674, 125 N. E. 466.

The only question presented for our consideration under the errors assigned is that raised by the exception of appellant to the action of the court in striking 2. out said petition for an allowance of attorney's fees to her attorney. The consideration of this question requires us to consider the application of §1265 Burns 1914, Acts 1893 p. 315.

This is not a case of the trial court having considered said petition and the allegations thereof, and as having determined as a matter of equity that the petition should not be granted. It presents a case where the trial court refused to consider such petition, and on motion ordered the same stricken from the files.

If the averments of the said petition fairly brought the petitioner, and her attorneys, as to the services ren-

dered, fairly within the terms of said §1265, and on its face, by the averments thereof, made such *prima facie* case as would entitle the petitioner to the relief demanded, then it was the duty of the trial court to hear and determine said matter, if there was any controversy as to the facts so alleged, and make, or deny an allowance of attorney's fees, according to the equities of the case. The petition showing a cause for relief, it was not discretionary with the court as to whether he should hear and determine the matter so presented.

In the instant case the appellee in her brief filed in this cause said: "The proceeding involved no controverted facts; so far as appears, there was no difference in opinion as to what the court should order done. In effect, the proceeding was ex parte in its character." This statement is in strict harmony with the contention of appellant. The petition filed, by its averments, stated facts which would have entitled the appellant to the relief demanded, and the court erred in sustaining said motion and in striking said petition from the files.

The cause is therefore reversed, with directions to the trial court to overrule said motion to strike said petition from the files, and for further proceedings in harmony with the views herein expressed.