MILLER MONUMENTS, INC. *v.* ASBESTOS INSULATING & ROOFING CO., INC., ET AL.

[No. 19,578. Filed October 24, 1962.]

*Cawley & Harman,* of Elkhart, for appellant.

*Barrett, Barrett & McNagny, J. A. Bruggeman,* both of Fort Wayne, and *C. Whitney Slabaugh,* of Elkhart, for appellees.

PFAFF, J.—This action was brought by appellee Asbestos Insulating & Roofing Company, Inc., (hereinafter referred to as AIRCO) as plaintiff against appellant and the other named appellees to recover a personal judgment against appellee Warfel Plumbing & Heating Co., Inc., and to foreclose a mechanic's lien on real estate owned by appellant and occupied by the appellee Charles S. Drake Company.

The trial court, upon timely request, made special findings of fact and stated conclusions of law thereon and entered judgment in favor of AIRCO. Appellant's motion for a new trial was overruled and this appeal followed. The appellees other than AIRCO have not filed answer briefs or appeared in this court.

The special findings which are material to the decision of this appeal read as follows:

"2. Some time in the month of April or May, 1956 defendants Miller Monuments, Incorporated and Warfel Plumbing & Heating Co., Inc., through duly authorized agents entered into an oral agreement for the installation of plumbing, heating and related equipment in a certain building on the aforedescribed real estate, which building was to be occupied by the defendant Charles S. Drake Company as tenant.

"3. Plaintiff was asked by defendant Warfel to submit a bid on insulating certain duct work and doing related work on said building. Plaintiff submitted a written bid in letter form, said letter being introduced in evidence.

"4. Plaintiff completed the work it agreed to do and the work was performed according to contract and was done in a good and workmanlike manner, in December, 1956.

"5. Defendant Miller Monuments, Incorporated never accepted plaintiff's work and refused to pay for it because of blisters which appeared in the insulation.

"6. That in December, 1957, pursuant to the direction of Yost & Taylor, architects employed by the defendant Miller, the plaintiff proceeded in an attempt to correct said blistering condition and meet the objections of the defendant Miller; that in said attempt to correct said blistering condition plaintiff worked on same in December, 1957, January, February, March, and July, 1958, as said blisters developed. The defendant Miller still refused to accept said work as completed.

"Plaintiff filed a notice of mechanic's lien on July 18, 1958, a copy of which was introduced in evidence and is incorporated herein by reference. A balance of $3000 was due plaintiff on its contract with Warfel at the time of the filing of said lien, and still remains unpaid.

"8. Plaintiff through its agents and employees had done corrective work on the blisters on the insulation work within sixty days prior to the filing of said lien. Such work was done with defendant Miller's knowledge and consent and pursuant to its refusal to accept and pay for the work done by plaintiff until such corrective work was completed to its satisfaction.

"9. At no time did any of the said parties claim that the work done by plaintiff was in itself defective, but defendant Miller continued to refuse to accept the work in question as completed or corrected.

"10. Defendant Miller Monuments, Incorporated had not accepted plaintiff's work and was still insisting on further corrective work in November, 1958."

Appellant states that the sole question to be determined on this appeal is whether the mechanic's lien

dated July 17, 1958, and recorded July 18, 1958, was filed or recorded within sixty days after the last labor was performed or the last material was furnished by AIRCO pursuant to the subcontract it had with the general contractor.

Heavy reliance is placed upon Special Finding No. 4 to the effect that AIRCO had completed the work it agreed to do in a good and workmanlike manner in December, 1956. Appellant contends that the work AIRCO did after appellant refused to accept this work as completed, in an effort to correct the blistering condition which developed, did not extend the time for filing a mechanic's lien; that it was performed either gratuitously or under a new contract made after the work originally contracted for had been fully completed.

Special Finding No. 6 is the only finding of which any criticism is made in appellant's original brief. Appellant states in his reply brief that parts of two other findings are not sustained by the evidence, but we are confined to the questions presented in the original brief. Questions not discussed in an appellant's original brief may not be presented for the first time in a reply brief. Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, §2682, p. 328, and authorities there cited; *Murrin etc. et al.* v. *Cook Bros. Dairy, Inc.* (1956), 127 Ind. App. 23, 138 N. E. 2d 907; *State etc.* v. *Marion Cir. Ct. et al.* (1958), 238 Ind. 637, 153 N. E. 2d 327; *Quinn et al.* v. *Stein et al.* (1959), 130 Ind. App. 20, 161 N. E. 2d 622.

Appellant argues that there is no evidence to sustain that part of Special Finding No. 6 to the effect that AIRCO proceeded in an attempt to correct the blistering condition "pursuant to the direction of"

Yost & Taylor, architects employed by appellant, because the words used in a letter from the architects were "we authorize you" to proceed with the methods AIRCO used in venting and not "we direct you." Appellant's architects had written to the principal contractor concerning the corrective work which was later done by AIRCO stating in part as follows:

> "Since Asbestos Insulating & Roofing Company, Inc. had objections and reservations to both of the alternate suggestions which we made to remedy the condition, *we authorize you* to proceed with the method of venting which you originally proposed, namely, by a series of 1/4" copper tubes placed in the sides of the ductwork insulation, near the top." (Our emphasis.)

In the same letter the architects also said that certain action should be taken—action which had nothing to do with the work AIRCO had done or was to do. Appellant argues that the letter made it a condition to the authorization of the venting by AIRCO that the other action should also be taken. We do not so construe this letter.

We do not regard it as material in this case whether AIRCO's additional work was done pursuant to the "direction" of the architects or merely pursuant to the "authority" granted by appellant's architects. The finding that the additional work was done with appellant's knowledge and consent and pursuant to its refusal to accept and pay for the work done until such corrective work was completed to appellant's satisfaction was not challenged.

We have here a situation where a subcontractor completed the work it was to do in a good and workmanlike manner, but the owner of the real estate would not accept the work as completed and refused

to pay for it until corrective work was completed to its satisfaction. Thereafter the subcontractor, with the owner's knowledge and consent and under the authority or direction of its architects and pursuant to such refusal to accept the work as completed, did additional work in order to meet the owner's objections.

In the case of *Whitcomb* v. *Roll* (1907), 40 Ind. App. 119, 121, 81 N. E. 106, a contractor substantially complied with his contract to do interior decorating, but the appellant, owner of the real estate, made objections to the work and expressed a willingness to pay when the job was made satisfactory. The contractor, for the purpose of obviating the owner's objections, made certain changes and additions. Appellant relied upon the legal proposition that a lien once lost by the expiration of the time within which the statement or notice by statute must be filed cannot be revived by the performance of additional work or the furnishing of additional material. In holding that a mechanic's lien might be filed within sixty days of the last work, this court said: "The delay in its completion was caused by appellant, and the work last done was in accordance with his suggestion. The facts do not afford a basis for the application of the legal proposition stated."

In *W. P. Nelson Co.* v. *Weyl, Rec.* (1919), 71 Ind. App. 674, 681, 125 N. E. 466, all of the materials and all of the work which was done and performed by appellant were fully completed but payment was refused until appellant had repainted a canopy. This court said: "We here have the owner of the property insisting that the work is not completed and refusing to make any payment to the contractor until it is completed as the owner insists it should be—a

case where the contractor, in order to get his pay, accedes to the wrongful contentions of the owner. Under such a state of fact, we are of the opinion that the owner of the property is estopped from claiming that the contract was in fact completed in the first instance and profit by its own wrong in refusing to make any payment for the work which had been fully and honestly performed."

As stated in 57 C. J. S., *Mechanics' Liens*, §149, p. 671:

> "Thus, where the owner or his authorized agent claims that certain details of the work are not according to the contract or not satisfactory, and they are accordingly changed or set right by claimant, the lien is in time if filed within the statutory period after such changes are made or such additional work is done, since the owner is estopped, in such case, from subsequently claiming that the contract was completed before the doing of the additional work or the furnishing of the additional materials demanded by him under the contract." See also 36 Am. Jur., *Mechanic's Liens*, §141, O. 98.

The facts found by the court do not show that the later work was done gratuitously or by virtue of a new contract. Appellant is estopped by its conduct, as shown by the special findings, from claiming that the work under the subcontract was completed before the doing of the additional work, and the mechanic's lien was therefore timely filed.

We have examined the cases relied upon by appellant but find nothing in them contrary to the conclusion which we have reached. In the case of *Ellis* v. *Auch et al.* (1954), 124 Ind. App. 454, 118 N. E. 2d 809, it was not shown that the last work was done at the request of the owner or that the owner did not

accept the work as completed when the work contracted for was completed. The owner's only objection is that the amount charged was excessive. In *In re Wilson; Bailey Meter Co.* v. *Owens-Illinois Glass Co.* (1939), 108 F. 2d 468 (CCA 7th), decided under an Illinois statute, the work was regarded as completed prior to the additional work which was relied upon as extending the time for filing the lien. That case differs from the present case in that here appellant did not accept the work as completed and would not pay for it until corrective work was done to its satisfaction. *Hartley* v. *Richardson* (1898), 91 Me. 424, 40 Atl. 336, is not in conflict with the result we have reached. In that case the work had been completed and accepted by the owner prior to the doing of the additional work. *Peerless Unit Vent. Co.* v. *D'Armore Const. Co.* (1933), 283 Mass. 121, 124, 186 N. E. 280, is also relied upon by appellant. In that case the work was done either gratuitously and not by virtue of any contract, or was done under a new contract to make repairs not contemplated by the original contract which contract had been performed long before. We do note the following wording in the opinion of that case: "Work actually called for by the contract *or continuing employment, performed in good faith with the intention of completing the job,* . . . will permit the filing of the statement within sixty days after the doing of the last work." (Our emphasis). The facts in *Kendallville Lumber Co.* v. *Adams* (1931), 93 Ind. App. 141, 176 N. E. 555, are such that the legal principles there enunciated and relied upon by appellant are not applicable here.

The decision of the court is sustained by sufficient evidence and is not contrary to law, and the court did not err in its conclusions of law.

With the view we have taken as to the main question involved here, we do not find it necessary to pass upon certain technical questions raised by appellee.

Judgment affirmed.

Kelley, C. J., Bierly and Gonas, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 533.