(871 P.2d 1282)
No. 70,252

BETHLEHEM STEEL CORPORATION, *Appellant,* v. NATIONAL CO-OPERATIVE REFINERY ASSOCIATION, RENT-IT CO., INC.; and CARGILL STEEL & WIRE, *Appellees.*

Petition for review denied 254 Kan. 1006 (1994).

Opinion filed February 18, 1994.

*Tim R. Karstetter,* of Karstetter & Klenda, of McPherson, for appellant.

*John V. Wachtel* and *Dana Manweiler Milby,* of Klenda, Mitchell, Austerman & Zuercher, of Wichita, for appellees.

Before ROYSE, P.J., GREEN, J., and DAVID W. KENNEDY, District Judge, assigned.

Royse, J.: Bethlehem Steel Corporation (Bethlehem) brought this action to foreclose on a mechanic's lien. Following a trial upon written, stipulated facts, the district court entered judgment for the property owner, National Cooperative Refinery Association (NCRA). Bethlehem appeals, contending the court erred in holding the mechanic's lien was not timely filed.

On September 4, 1991, NCRA entered into a contract with Maloney-Crawford, Inc., pursuant to which Maloney-Crawford agreed to construct three oil storage tanks for NCRA in McPherson County. Maloney-Crawford in turn contracted with Bethlehem for the purchase of the steel needed to construct the tanks. Bethlehem fabricated the steel pursuant to specifications provided by NCRA and shipped it all to Maloney-Crawford's yard in Tulsa,

Oklahoma, by October 22, 1991. Although Bethlehem provided $160,313.48 worth of steel for the construction project, Maloney-Crawford paid only $16,551.50 to Bethlehem for the materials supplied.

Maloney-Crawford began constructing the storage tanks on December 2, 1991. On January 17, 1992, Maloney-Crawford filed a petition in bankruptcy. The Bethlehem steel that was used in constructing the tanks was last delivered to the construction site by Maloney-Crawford on January 22, 1992. On February 4, 1992, Maloney-Crawford employees worked for the last time at the construction site with steel fabricated by Bethlehem. Bethlehem filed the mechanic's lien at issue on February 24, 1992. Bethlehem provided proper notice of the filing.

Bethlehem contends that the trial court erred in concluding that the lien was not filed within the statutory time limit. Because this issue was decided on stipulated facts and presents a question of statutory construction, this court may engage in de novo review on appeal. *Shade v. Wheatcraft Industries, Inc.*, 248 Kan. 531, 536, 809 P.2d 538 (1991); see *Mark Twain Kansas City Bank v. Kroh Bros. Dev. Co.*, 14 Kan. App. 2d 714, 717, 798 P.2d 511, *rev. denied* 248 Kan. 996 (1990).

The controlling statute regarding the time for filing a subcontractor's mechanic's lien is K.S.A. 1993 Supp. 60-1103. It provides in pertinent part:

"(a) *Procedure*. Any supplier, subcontractor, or other person furnishing labor, equipment, material or supplies, used or consumed at the site of the property subject to the lien, under an agreement with the contractor, subcontractor or owner contractor may obtain a lien for the amount due in the same manner and to the same extent as the original contractor except that:

"(1) The lien statement must state the name of the contractor and be filed within three months after the date supplies, material or equipment was last furnished or labor performed by the claimant."

A mechanic's lien can only be acquired in the manner and on the conditions prescribed by statute. Those claiming a lien have the burden of bringing themselves clearly within the statute's provisions. A lien statute will not be extended by implication beyond the clear import of the language employed and its operation will not be enlarged to include activities not specifically embraced. If the statute is clear and unambiguous, the court

must give effect to the expressed legislative intent without regard to what it believes the law should or should not be. *Mark Twain,* 14 Kan. App. 2d at 718-19.

Bethlehem contends that, pursuant to K.S.A. 1993 Supp. 60-1103(a)(1), the time for filing its lien did not begin to run until January 22, 1992, the date on which the steel used to construct the storage tanks was last delivered to the construction site by Maloney-Crawford. Bethlehem argues that it would be absurd to construe the lien statute to require the time for filing a lien to begin running before the materials are delivered to the job site and used in the construction project. If Bethlehem's interpretation of the statute is correct, its lien was filed within the allocated three-month period.

NCRA points out that Bethlehem last furnished materials for the construction of the storage tanks on October 22, 1991, the date that Bethlehem shipped the steel for the project to Maloney-Crawford. NCRA claims that, pursuant to the clear language of K.S.A. 1993 Supp. 60-1103(a)(1), Bethlehem's lien filed on February 24, 1992, was untimely and therefore void.

An examination of the plain language of K.S.A. 1993 Supp. 60-1103(a)(1) indicates that the time for filing the lien in question began to run when Bethlehem delivered the steel to Maloney-Crawford on October 22, 1991. Subsection (1) of the statute clearly states that, where a lien claimant furnishes materials for a project, the lien is invalid unless filed within three months of the date the materials are last furnished *by the claimant.* See *Holiday Development Co. v. Tobin Construction Co.,* 219 Kan. 701, 705, 549 P.2d 1376 (1976). Furnish means "[t]o supply, provide, or equip, for accomplishment of a particular purpose." Black's Law Dictionary 675 (6th ed. 1990). In this case, Bethlehem furnished no materials for the construction project after the October 22, 1991, delivery. The January 22, 1992, delivery of the steel to the job site by Maloney-Crawford cannot be construed to be an act of the lien claimant. Bethlehem had no contract with NCRA, and there is no evidence to suggest that Maloney-Crawford was serving as Bethlehem's agent. Had the legislature wished to treat a contractor as agent for a supplier for purposes of K.S.A. 1993 Supp. 60-1103(a)(1), it could have done so. *Cf. Trane Co. v. Cherry Hills III Development Corp.,* 588

P.2d 884 (Colo. App. 1978) (Colorado statute provides the contractor shall be deemed agent of owner for purposes of lien statutes).

Bethlehem's argument that the time for filing a lien under K.S.A. 1993 Supp. 60-1103(a)(1) should not begin until the materials are delivered to the job site ignores the statutory language. In fact, Bethlehem does not even suggest that the statutory language permits such an interpretation. An obvious difficulty with Bethlehem's suggested interpretation is that a supplier who wishes to file a lien, lacking first-hand knowledge of the date a contractor delivers supplies to a job site, cannot determine when the time for filing the lien begins to run. The legislature obviously preferred to begin running the filing period from a date easily identified by the supplier—the date he last furnished materials or labor. See *Gruhin v. City of Overland Park*, 17 Kan. App. 2d 388, 390, 836 P.2d 1222 (1992) (it is presumed that a statute subject to interpretation was intended to have the most reasonable operation that its language permits). See also *Byrne v. Forbes*, 90 Kan. 557, 558, 135 Pac. 598 (1913) (prescribed time for filing a lien began to run after subcontractor last furnished material to the contract or under the subcontract).

Bethlehem's contention that the materials must actually be consumed at the site of the property subject to the lien before the time for filing begins to run is likewise unavailing. Although a subcontractor will not have a valid lien unless the material furnished is used or consumed at the site of the property subject to the lien, subsection (a)(1) of the statute does not adopt the date of use or consumption in determining when the time for filing a lien begins to run.

We recognize that the effect of K.S.A. 1993 Supp. 60-1103(a)(1) may be that some suppliers cannot resort to the remedy of a mechanic's lien. The Supreme Court, however, long ago commented: "As the [mechanic's lien] statutes confer special privileges upon one class of persons over others, it must clearly appear that those claiming the benefits of the statute are within its provisions." *Nixon v. Cydon Lodge*, 56 Kan. 298, 304, 43 Pac. 236 (1896). See *Wichita Sheet Metal Supply, Inc. v. Dahlstrom & Ferrell Constr. Co.*, 246 Kan. 557, 792 P.2d 1043 (1990) (statute

afforded no lien rights to supplier of materials to a sub-subcontractor).

We have examined the authorities cited by Bethlehem and consider them inapplicable. None of the cases cited permit us to ignore the plain meaning of K.S.A. 1993 Supp. 60-1103(a)(1).

The trial judge carefully examined the issues raised and concluded that Bethlehem's time for filing a mechanic's lien began to run on October 22, 1991. We conclude the district judge correctly interpreted the statute and find no error.

Because we conclude that Bethlehem failed to timely file its lien, the question whether Bethlehem is entitled to prejudgment interest on its claim against NCRA is moot.

Affirmed.