**FRONTIER PLUMBING AND HEATING CO., Appellant (Plaintiff below),**

**v.**

**Mrs. E. E. FITCH, Appellee (Defendant below),**

**Ed Poledna (Defendant below).**

**No. 3840.**

Supreme Court of Wyoming.

Feb. 9, 1971.

Walter C. Urbigkit, Jr., of McClintock, Mai & Urbigkit, Cheyenne, for appellant.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

This case has to do with an action to foreclose a mechanic's lien. The question involved is whether plaintiff had timely

filed its claim of lien, as required by § 29–11, W.S.1957, C. 1967—in other words, within 90 days after the indebtedness accrued.

Frontier Plumbing and Heating Co., plaintiff, alleged in its complaint that Ed Poledna, as original contractor, had a contract for an improvement on property of Mrs. E. E. Fitch; that plaintiff, under a subcontract with Poledna, did all plumbing work for the improvement, including the installation of a heating plant; that the amount owing was $1,992.78; and that plaintiff had filed its claim of lien. Both Poledna and Mrs. Fitch were named as defendants. The complaint asked for foreclosure of the lien plaintiff had filed.

Trial was had to the court without a jury and judgment was rendered for Frontier against Poledna. With respect to Mrs. Fitch, she moved for dismissal of the case against her, at the close of plaintiff's evidence. Her motion was granted and Frontier has appealed as to her.

The basis for dismissal was that plaintiff failed to prove timely filing of its lien and therefore did not have a lien against the property of Mrs. Fitch for its work. We find the evidence such that the trial court was justified in concluding as it did.

### Area of Dispute

■ Parties agree § 29–11 requires a subcontractor to file a notice of lien in the county clerk's office within 90 days after the indebtedness to him has accrued, if he is to protect his lien. Parties also agree this means within 90 days after the last material is furnished or the last work is done. In other words, the date of completion starts the running of the period for filing. Sawyer v. Sawyer, 79 Wyo. 489, 335 P.2d 794, 797.

Evidence construed in the light most favorable to plaintiff tends to show the plumbing work was substantially completed and a bill for the job as a whole was submitted April 23, 1968; that an employee of Frontier went back July 10, 1968, and replaced a floor drain cover which had been broken, the time card showing one hour for this; and that an employee again returned July 31, 1968, to install a safety valve and check out the heating system. The job card shows two hours for this. The valve was one which did not come with the plant originally. The place for it was plugged off until the valve was attached later on.

Except for one hour on July 10 and two hours on July 31, no work was done after April 23. James P. Federer, president and manager of Frontier, at first testified "I think" our time cards reflect we were back in May; but none of the time cards offered did reflect anything in May, and later the witness testified his men were not able to get into the property in May and June because Mrs. Fitch was away.

Plaintiff's claim of lien was filed with the county clerk October 29, 1968. Thus, since the filing was on the ninetieth day after July 31, 1968, that date would have to be considered as the date of completion for the filing to be timely.

Counsel for plaintiff argues that under the decisions of Arch Sellery, Inc. v. Simpson, Wyo., 360 P.2d 911, and Sawyer v. Sawyer, 79 Wyo. 489, 335 P.2d 794, the decision of the trial court should be considered valid only if the work done by Frontier on July 31 is to be considered "trivial or minor adjustments made casually or long after the work is completed."

In this argument, counsel is of course substantially correct; but he neglects to consider who makes the decision as to whether the work in question was a minor adjustment made casually or long after the work was completed. Differences of opinion were expressed by members of this court in the *Sellery* case. However, there was no contradiction of the proposition that generally it is for the trier to determine whether the additional work was minor and casual or long after the job was completed. As stated, at 360 P.2d 911, if different conclusions can be rationally drawn from the evidence, the case is one for the trial court's determination.

Incidentally, the area of disagreement in *Sellery* was with respect to continuity, more than 90 days having elapsed after the main part of the work was done and before the contractor returned to do what was considered necessary in order to meet warranty requirements. In the case now before us, the replacing of a broken floor drain cover on July 10 would surely have to be considered trivial. If it is disregarded, there would be an absence of continuity in this case—in that more than 90 days elapsed between April 23 and July 31.

For purposes of our decision, however, we are not getting into the matter of continuity. We are considering only whether the work on July 31 must, as a matter of law, be considered the completion of the work. Counsel for appellant argues the installing of a safety valve was necessary for safety and therefore cannot be said to be trivial or minor. Counsel for appellee on the other hand suggests the question is not whether the addition was trivial in importance but rather whether it was trivial from the standpoint of amount of work done.

In the *Sellery* case, at 360 P.2d 914, the court's opinion quotes authority holding that the contractor cannot afterwards, at his own instance, and against the will of the owner, perform some part that was called for in the contract, but which had been omitted in the construction, and thereby extend the period for filing his lien. That seems to be what happened in this case.

■ In any event, we are taking the position that it is for the trier to determine whether the additional work was minor and incidental; and that his determination will not be disturbed if the evidence reasonably supports him. This suggests there will not necessarily be uniformity in the decisions of trial courts. See Young v. Young, Wyo., 472 P.2d 784, 785.

In Sawyer v. Sawyer, 79 Wyo. 489, 335 P.2d 794, 798, the additional work claimed consisted of some painting, screwing plates on electrical outlets, attaching a bell button

cover, and doing some dirt leveling. This court held, where determination of the critical date involves installation of very minor items and performance of trifling service, the ultimate factor is the reaction of the trier of fact. The appellate court in that case considered defendants' evidence substantial and sufficient to justify the court's acceptance of the earlier date as the date of completion.

■ We see no reason for considering the evidence of earlier completion in the present case any less substantial or sufficient. We therefore hold the trial court was justified in finding plaintiff's work was completed April 23, 1968, and its lien filed October 29, 1968, was not timely filed.

### Motion To Amend

During the trial, Frontier was apparently surprised because Poledna testified to the effect that Frontier was only an agent of Mrs. Fitch and not his subcontractor. That the court did not accept this theory is evidenced by the fact it gave judgment to Frontier and against Poledna for the full amount of Frontier's claim.

In any event, on account of the unexpected testimony of Poledna, Frontier moved to amend its complaint to state a claim in contract against Mrs. Fitch. This motion the court disallowed and appellant claims error in such ruling. We fail to find any substantial evidence of a contract in the record, either oral or in writing, between Frontier and Mrs. Fitch.

■ We indicated in Strahan v. Strahan, Wyo., 400 P.2d 542, 545, that the decision of the trial court on allowing or not allowing amendments to conform to the evidence is not subject to review, except for abuse of discretion. In the absence of evidence of a contract between Frontier and Mrs. Fitch, and since we fail to see any compelling reason for amendment, we will not say there was an abuse of discretion.

We find no error in the trial court proceedings nor in its judgment.

Affirmed.