506 P.2d 60

Neil CARLISLE and Merrill Ewell, dba
Carlisle and Ewell, Plaintiffs
and Respondents,

v.

Clifford COX et al., Defendants
and Appellants.

No. 12802.

Supreme Court of Utah.

Feb. 1, 1973.

Frazier & Wood, J. Brent Wood, Provo,
for defendants-appellants.

Wootten & Wootten, Noall Wootten, American Fork, for plaintiffs-respondents.

CALLISTER, Chief Justice:

Plaintiff, subcontractor, initiated this statutory action under Sections 14–2–1 and 2, U.C.A.1953, to recover the reasonable value of the materials installed and labor performed under a contract between defendants, landowners, and contractor, Kofford. The matter was tried before the court, and plaintiff was rendered judgment against the Coxes, the landowners, in the sum of $1,551. The Coxes appeal therefrom.

The Coxes entered into a contract with Kofford to build a maintenance building for their heavy equipment; they were engaged in the excavating business. The contract exceeded $500, and the Coxes failed to procure a contractor's bond. Kofford entered into an oral contract with plaintiff to supply and install two furnaces together with the related duct work, heat registers, and thermostats. Plaintiff commenced work in the latter part of October 1968, and the work was completed, except for the delivery of the registers, on approximately December 6, 1968; on this date, the furnaces were inspected by the gas company and were put in operation. On December 23, 1968, plaintiff delivered and installed all but one of the registers. Plaintiff's supplier had in stock only one of the two 10 x 12 inch registers ordered by plaintiff. Plaintiff, rather than contacting other suppliers for a grill of these dimensions, requested the supplier to back order this item, which, according to the evidence, cost $2.26. Plaintiff received this register from the supplier on January 17, 1969, and it was carried on the front seat of the truck of one of plaintiff's partners until February 19, 1969, when it was delivered and dropped in the hole in the floor of defendants' building. The partner claimed that he had attempted to deliver the grill approximately four times prior to his successful delivery but that the building had been locked and unattended. The Coxes testified as to their presence at the building and their availability by telephone if one had wished to contact them. This action was filed February 17, 1970.

Defendants urge on appeal that the trial court erred in its conclusion that this action was timely filed. Section 14–2–2, U.C.A.1953, as amended 1965, provides that the action shall be commenced within one year from the last date the last materials were furnished or the labor performed. Defendants contend that the subcontract was substantially completed on December 23, 1968, and that the delivery of this one minor item did not have the legal effect of extending the limitation period.

The precise issue of this case is whether the doctrine of substantial performance which has long been held applicable under the mechanics' lien law, Title 38, Chapter 1, is of similar efficacy under Chapter 2,

**138**

Title 14. The trial court applied the provision of Section 14-2-2, literally, and since the last material was furnished February 19, 1969, it concluded that the action of February 17, 1970, was timely filed.

In Rio Grande Lumber Company v. Darke [1] this court observed that the bonding statute was an auxiliary to the mechanics' lien law and an integral part thereof and could have been incorporated in the same chapter.

Section 38-1-7, U.C.A.1953, (Mechanics' Liens) provides:

.  .  . every person other than the original contractor claiming the benefit of this chapter within sixty days after *furnishing the last material* or *performing the last labor* .  .  . *must file* for record .  .  . a claim in writing .  .  .. (Emphasis added.)

Both Sections 14-2-2 and 38-1-7 provide that certain affirmative actions must be taken to preserve and enforce the statutory claims thereunder within a requisite period after the last material was furnished or labor performed.

In Wilcox v. Cloward [2] this court stated:

.  .  . Trivial or minor adjustments made casually or long after the main work is completed cannot be used to tie on to as the last labor done or materials furnished. Especially is this true if they are made for that purpose. But even small jobs where bona fide made to complete a contract which the claimant had the duty to complete, if not made too long after the main work is completed, especially if a part of a chain of similar or larger tasks performed in the process of furnishing up or tapering off, will be sufficient to extend the time for filing the notice of lien. .  .  .

This court stated that one test is whether the imperfections in the performance of the work are so trivial in character as to permit the contractor to recover for substantial performance, i. e., may it be said that if the work had not been done, that the omission to do it would have enabled the landowner to defend successfully a suit for payment on the ground that the contract had not been fully performed.

This court concluded: [3]

.  .  . the time for filing the lien may be extended if the matter of work and labor in so satisfactorily completing the job is not so trivial or minor that the failure to do it would still leave the contract substantially performed so that recovery might be had. In all the cases cited under the note in 54 A.L.R. [984] the material was of a trifling value to take the place of broken, damaged, mis-

1. 50 Utah 114, 124, 167 P. 241 (1917).

2. 88 Utah 503, 515, 518, 56 P.2d 1, 6 (1936).

3. At page 518 of 88 Utah, 56 P.2d page 8.

taken, or defective materials furnished by the seller some time after the original materials had been delivered, without demand by an owner or inspector . . . [4]

In other words, when a building has been substantially completed and has been accepted by the owner, the contractor may not thereafter at his own instance perform some minor omitted part of the contract and thereby extend the period for filing the lien.[5]

In the instant action, there has been no reason suggested for not extending the doctrine of substantial performance to the bonding statute, Chapter 2, Title 14. Although generally it is for the trier of fact to determine whether the additional work was trivial or minor, based on the instant record, it may be determined as a matter of law. As pointed out by the landowners, the register represented .0011385 per cent of the value of the subcontract. The importance of the item was further reflected by the action of one of the partners of plaintiff in casually hauling it to and fro for a month prior to delivery. The building had been accepted, and no request for the register had been made by the landowners. Finally, the omission of the register in the performance of the subcontract must be character-ized as so trivial that the landowner would not have been able to defend successfully an action for payment on the ground that the contract had not been fully performed.

The judgment of the trial court is reversed, and this cause is remanded to the district court with an order to enter judgment in accordance with this opinion. Costs are awarded to the defendants, Coxes.

HENRIOD, ELLETT, CROCKETT, and TUCKETT, JJ., concur.

---

4. See Totorica v. Thomas, 16 Utah 2d 175, 177, 397 P.2d 984 (1965), wherein this court applied the Wilcox v. Cloward test and found that the work subsequently done was necessary for substantial completion of the contract.

5. Frontier Plumbing and Heating Co. v. Fitch, Wyo., 480 P.2d 398, 400 (1971); Arch Sellery, Inc. v. Simpson, Wyo., 360 P.2d 911, 914 (1961), 53 Am.Jur.2d, Mechanics' Liens, § 192, pp. 710–711.