**Brent HARKER, dba Utah Landscaping Co., Plaintiff and Appellant,**

v.

**CONDOMINIUMS FOREST GLEN, INC., a nonprofit corporation, Defendant and Respondent.**

No. 860117–CA.

Court of Appeals of Utah.

Aug. 13, 1987.

Loni F. DeLand, McRae & DeLand, Salt Lake City, for plaintiff and appellant.

Carl J. Nemelka, June Lubniewski, American Fork, for defendant and respondent.

## MEMORANDUM DECISION

Before JACKSON, BILLINGS and GARFF, JJ.

JACKSON, Judge:

Plaintiff Brent Harker appeals the judgment entered against him after a bench trial dismissing his complaint that sought payment for landscaping services performed pursuant to a written contract. We affirm.

The following facts giving rise to this action were specifically found by the trial court:

Gary Nagle, not a party to this action, operates Nagle Construction Co., the general contractor and developer of defendant Condominiums Forest Glen, Inc. Harker's company installed the landscaping material at the condominiums for Nagle, and performed landscaping services at Nagle's numerous other projects in 1980. During that calendar year, Harker also had a written contract with the homeowners' association at Forest Glen to maintain the condominiums' grass and greenery. Until mid-October, Gary Nagle essentially controlled the homeowners' association. Nagle's bookkeeper kept the books for the association and for Nagle's various entities. Plaintiff Harker performed the maintenance services and sent monthly invoices to the association at the same address as Nagle's construction company office.

In the fall of 1980, homeowners at Forest Glen were prepared to take over operation of the association. Nagle informed Harker of this and made payments to bring the maintenance contract account current through October 10, 1980. Plaintiff, however, misapplied these payments to Nagle's other outstanding accounts, rather than to the association's account. Defendant eventually tendered payment of $4,704.00 for plaintiff's landscaping maintenance services performed from October 11 through December 31, 1980, the end of the contract period.

The trial court concluded as a matter of law that the payments made to Harker by Nagle and by defendant, if properly credited, would have paid the contract in full. The end result is that Harker has $23,736 in unpaid invoices that should be paid by Nagle Construction Co., which Harker asserts is judgment proof.

 On appeal, Harker repeatedly mischaracterizes the nature of the court's findings and makes legal and public policy arguments based on what appellant claims the court below must have found, instead of what the court did, in fact, find as the operative facts in this case. Harker's first claim on appeal is actually a challenge to the trial court's finding of fact that Nagle made payments that Harker should have applied to pay for services performed under his maintenance contract with the homeowners' association. It is appellant Harker's burden to cite us to all the evidence in the record that would support the determination reached and then demonstrate why, even when viewed in the light most favorable to the court below, it is insufficient to support the finding under attack. *Security State Bank v. Broadhead*, 734 P.2d 469, 470–71 (Utah 1987) (quoting *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985)). *See* Utah R.Civ.P. 52(a). Appellant, in his confused attempt to present issues of some substance on appeal, has made no effort to carry this burden. We therefore hold that the trial court's findings of fact are not clearly erroneous, and we will not upset them on appeal.

 Harker next claims that the trial court erred in admitting into evidence some checks and invoices not supplied to him by the defendant in response to a request for production of documents during the discovery phase of this litigation. Appellant neither claims nor attempts to show any

prejudice resulting from this alleged error. Nor has he bothered to identify which checks and invoices he claims were erroneously admitted or to cite any authority to support his contention.

In any case, Harker's argument on this point is specious. Our review of the trial transcript and exhibits reveals that: the invoices he refers to are his own invoices, copies of which should have been in his possession anyway; the checks at issue were those made out *to Harker* by Nagle Construction Co., and not by the defendant in this lawsuit, to whom the discovery requests were directed; Harker never troubled to depose Nagle before trial and have him bring his company's cancelled checks with him; and Harker did receive copies of the checks and invoices later admitted at trial one week before the trial, in compliance with the court's pretrial order.

The judgment below is affirmed. Costs are awarded to respondent. Having reviewed appellant's baseless arguments and the record before us, we are compelled to conclude that this appeal is completely frivolous, in addition to being devoid of merit. Accordingly, the case is remanded to the district court for determination of the reasonable attorney fee incurred on appeal by Condominiums Forest Glen, Inc., to be paid by appellant pursuant to R.Utah Ct.App. 33.

BILLINGS and GARFF, JJ., concur.