Hans Peter BAUMGART, Plaintiff and Appellant,

v.

UTAH FARM BUREAU INSURANCE COMPANY, Defendant and Appellee.

No. 920036–CA.

Court of Appeals of Utah.

March 18, 1993.

Rehearing Denied May 24, 1993.

648

Farm Bureau had no obligation to make insurance payments to Baumgart. We affirm.

## FACTS

■ Because Baumgart appeals the conclusions of law from a partial summary judgment and from the findings of fact from the court's final judgment, we have two different standards in citing the facts. Therefore, in reciting the undisputed facts underlying the summary judgment, we do so in the light most favorable to the losing party, in this case, Baumgart. *See Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 246 (Utah 1992). When reciting the facts underlying the court's final judgment, we do so in the light most favorable to the facts as found by the trial court. *See Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d 896, 899 (Utah 1989).

The following are the undisputed facts underlying the trial court's summary judgment.

In March 1988, Douglas Denning, an insurance agent employed by Farm Bureau, assisted Baumgart in completing an application for a commercial insurance policy on Baumgart's business, H.P.B. Denning submitted the application to Farm Bureau, along with Baumgart's initial premium payment of $181.00, which covered his obligation for payments through May 3, 1988.

The application contained the following errors: (1) the cover sheet on the policy had the wrong address; (2) Baumgart's first name was misspelled as "Hauns"; (3) the policy limits were listed as $50,000.00 instead of $100,000.00; and (4) the cover sheet described the building as a one-story, instead of a two-story, structure. Baumgart alleges that all these errors are attributable to Farm Bureau. However, Baumgart signed his name under the following statement: "The statements on this application and attached supplemental forms are true and correct."

The policy included an attachment stating that Farm Bureau may cancel the policy for nonpayment of premium, and that

John L. Black, Salt Lake City, for plaintiff and appellant.

Stephen G. Morgan and Randall D. Lund, Salt Lake City, for defendant and appellee.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

GARFF, Judge:

Appellant Hans Peter Baumgart appeals from an order in favor of appellee Utah Farm Bureau Insurance Company (Farm Bureau), in which the court concluded that

cancellation notice "must be delivered or mailed by first class mail."

After the initial payment accompanying his application, Baumgart paid no further premiums. In other words, he did not pay the premiums due August 15, September 15, or October 15, 1988. Based in part on Baumgart's verbal promises to pay his past-due premiums, Farm Bureau provided insurance coverage up until November 9, 1988, when it canceled his policy.

On October 24, 1988, Farm Bureau mailed, via first class mail, a notice of cancellation to Baumgart at his business address. This notice stated that Farm Bureau would cancel his policy for nonpayment of premiums no later than November 9, 1988 at 12:01 a.m. Farm Bureau then canceled Baumgart's policy at the time and date specified.

The undisputed facts include (1) Farm Bureau followed its usual business procedures in preparing cancellation notices by preparing certificates of mailing; (2) it mailed cancellation notices in window envelopes such that the address printed on the notice would appear through the window on the envelope; (3) it followed usual business procedures in cancelling Baumgart's policy; and (4) the name and address on Baumgart's cancellation notice were: "Hauns Baumgart / DBA—H.P.B. / 2469 East 7000 South # 200 / Salt Lake City, UT 84121."

On December 23, 1988, Baumgart's place of business was burglarized and equipment and tools stolen. Baumgart submitted a claim to Farm Bureau for the estimated value of the stolen property. Farm Bureau denied the claim on the basis that it had canceled the policy.

In his affidavit in support of his motion for summary judgment, Baumgart basically alleges that he did not pay the premiums because he was waiting for Farm Bureau to amend the following clerical errors: (1) the cover sheet bore the incorrect address; (2) the premium stated that the business was one story when it was two story; (3) his first name was misspelled as "Hauns"; (4) the commercial policy was not billed separately from his auto and health policy, as he had requested; and (5) he believed his billing statements were inaccurate.

Baumgart also alleges that he never received the cancellation notice, and was thus unaware his policy had been canceled until after he submitted his claim for damages due to the burglary.

Farm Bureau produced a copy of Postal Service Form 3877, which it used to record addresses to which it sent certified mail. Line 9 of this form indicates that the United States Postal Service received from Farm Bureau a notice of cancellation form mailed to Baumgart, d/b/a H.P.B., in Salt Lake City, Utah.

## PROCEDURE

Farm Bureau moved for summary judgment seeking dismissal of Baumgart's complaint.

The court granted partial summary judgment, concluding that Farm Bureau had properly canceled the policy for nonpayment of premiums. The court held as a "matter of law" that Farm Bureau mailed a Notice of Cancellation, properly addressed and in accordance with the law, notifying Baumgart that the policy of insurance in question was canceled as of November 9, 1988. The court reserved ruling regarding the issues of estoppel and negligence.

Later, the court took evidence on the issues of estoppel and negligence. It entered its findings of fact and conclusions of law, finding that Farm Bureau canceled the policy on November 9, 1988 in accordance with the terms of the policy and applicable state law for nonpayment of premiums. On the other hand, it found that the documents provided to Baumgart by Farm Bureau "could be interpreted by layman or an unsophisticated insured as treating the subject policy as if it were in force despite the fact that the subject policy was canceled for non-payment of premiums on November 9, 1988." The court also found that Farm Bureau's agent, Kenneth Fairchild, advised Baumgart on December 12, 1988, that the policy was in effect, when in fact it was not. However, the court concluded

that Baumgart did not reasonably rely on Fairchild's representation "because a reasonable person would realize ... that the subject policy had been canceled for nonpayment of premiums." The evidence showed that Baumgart did not pay any monthly premiums on the policy for six months preceding the cancellation date; that he had falsely represented to Farm Bureau's employee that his premium check was in the mail, or that he intended to send a premium payment in the very near future; and, that this same employee told Baumgart, prior to the policy being canceled, that the policy would be canceled for nonpayment if Baumgart did not immediately pay the past due premiums.

The court concluded that Baumgart did not actually rely on the documents and telephone call as evidenced by the following: (1) Baumgart represented to Dennis Forsythe, an inspector working for Farm Bureau that he, Baumgart, did not need an inspection because he had voluntarily changed his business's insurance over to another insurance company; (2) on December 19, 1988, Farm Bureau's employee, Lou Schroedel, confirmed to Baumgart the fact that the policy had been canceled for nonpayment; and (3) in the same conversation, Baumgart told Schroedel that he was aware that the policy had been canceled, that he had no insurance on his business, and that he intended to operate his business without insurance.

The court then granted judgment and costs in favor of Farm Bureau. Baumgart appeals.

## SUMMARY JUDGMENT

Baumgart first asserts the court erred in granting partial summary judgment. Specifically, he claims the court erred in concluding as a matter of law that Farm Bureau had properly mailed the cancellation notice.

Baumgart also claims the following disputed issues of material fact remain: (1) whether he actually received a cancellation notice; (2) whether there were errors on the policy's cover sheet; and (3) whether Farm Bureau complied with the United States Postal Service Form 3877.

■ We affirm a summary judgment, including a partial summary judgment, when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). We note that an

adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Utah R.Civ.P. 56(e).

■ We construe all facts and reasonable inferences drawn therefrom in a light most favorable to the losing party, and review independently issues of law. *Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 246 (Utah 1992).

■ Because this case involves an insurance policy, we strictly construe the terms and conditions of the policy in favor of the insured. *Diamond T. Utah, Inc. v. Canal Ins. Co.*, 12 Utah 2d 37, 361 P.2d 665, 667 (1961).

## NOTICE OF CANCELLATION

■ An insurance company may cancel a policy for nonpayment of premium no sooner than ten days after notice. Utah Code Ann. § 31A–21–303(2)(b) (1991). Notice may be via "delivery or first class mailing." *Id.; accord* 17 G. Couch, *Couch on Insurance* 2d § 67:173, p. 635 (1983). "[A]ctual receipt of the cancellation notice by the insured is not a condition precedent to the cancellation of the insurance by the insurer, provided the cancellation notice itself contains a fixed date on which the cancellation is to become effective." *Diamond*, 361 P.2d at 667. Regardless of the maladroitness of this statement, the rationale behind this general rule "is that the express terms of the contract [and the statute] uphold the sufficiency of a notice deposited in the mail, and that such provision,

being unambiguous, must be enforced as written." *Id.*

■ In challenging Farm Bureau's evidence that it properly mailed the cancellation notice, Baumgart presents his own affidavit in which he claims he never actually received the cancellation notice. He supports his theory that Farm Bureau must not have properly mailed the notice by claiming that, throughout his dealings with Farm Bureau, it "made one mistake after another." These mistakes include (1) an incorrect address appeared on the cover sheet of the insurance policy, on Shroedel's letter of December 19, 1988, and on the insurance application; and (2) Baumgart's first and/or last name were misspelled on two premium notices, on Forsythe's letter, the cancellation notice, and the monthly billings. He also claims that Farm Bureau failed to comply with section 931.31 of the United States Postal Service Domestic Mail Manual in completing the certificate of mailing.[1]

Baumgart's claims notwithstanding, the issue remains whether the parties dispute that Farm Bureau mailed a cancellation notice to Baumgart.

Here, the undisputed facts are that (1) Farm Bureau's usual business procedure in preparing cancellation notices include preparing certificates of mailing; (2) it mailed cancellation notices in window envelopes such that the address printed on the notice would appear through the window on the envelope; (3) it followed usual business procedures in cancelling Baumgart's policy; (4) the name and address on Baumgart's cancellation notice were: "Hauns Baumgart / DBA—H.P.B. / 2469 East 7000 South # 200 / Salt Lake City, UT 84121", which was the correct address of the business; and (5) it prepared a mailing certificate in this case.

Baumgart's concerns regarding the inaccuracies of the application are disingenuous and do not necessarily go to Farm Bureau's neglect because Baumgart signed his name under the following statement: "The statements on this application and attached supplemental forms are true and correct."

The fact that the address of the insured is incorrectly stated in the policy does not render insufficient a notice of cancellation which the policy stipulates may be sent to the address given therein, where the insured has had an opportunity of seeing and examining the policy. 17 *Couch* 2d § 67:173, p. 637.

Even given Baumgart's allegation that he never received the cancellation notice, he only infers that Farm Bureau never mailed it. He offers no "specific facts showing that there is a genuine issue for trial" as required by Utah Rule of Civil Procedure 56(e).

■ We conclude that Baumgart failed to dispute, via specific facts, that Farm Bureau failed to mail him his cancellation notice.[2]

## ESTOPPEL AND NEGLIGENCE

■ Baumgart next claims the court erred because its conclusions regarding estoppel and negligence were not supported by sufficient evidence. Specifically, Baumgart, arguing the evidence supporting his position, attacks the credibility of Farm Bureau's three principal witnesses.

■ "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility

---

1. Specifically, the manual requires that the addressee's name and address be written on the certificate. Instead, Farm Bureau wrote the following on the certificate: "DBA HPB SLC UT."

2. Baumgart cites *Bennett Motor Co. v. Lyon*, 14 Utah 2d 161, 380 P.2d 69, 71–72 (1963) for the proposition that whether notice has been given is an issue of fact and is thus inappropriate for summary judgment. We agree that mailing of notice is an issue of fact. Here, however, this issue of fact is not in dispute in that Baumgart has offered no "specific facts showing that there is a genuine issue for trial." Utah R.Civ.P. 56(e). In *Bennett,* the insurance company failed to show that the routine office mailing practice, including evidence from the post office that it had been mailed, had been followed. *Bennett,* 380 P.2d at 71–72.

of the witnesses." Utah R.Civ.P. 52(a). In construing this rule, the Utah Supreme Court has made it clear that findings are not set aside "unless they are against the clear weight of the evidence or we otherwise reach a definite and firm conviction that a mistake has been made." *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1377 (Utah 1987); *accord Sweeney Land Co. v. Kimball,* 786 P.2d 760, 761 (Utah 1990).

■ In challenging the court's findings, Baumgart has the burden to "marshal all the evidence supporting the finding and then demonstrate that the evidence is legally insufficient to support the findings even in viewing it in the light most favorable to the court below." *Reid v. Mutual of Omaha Ins. Co.,* 776 P.2d 896, 899 (Utah 1989); *accord Harker v. Condominiums Forest Glen, Inc.,* 740 P.2d 1361, 1362 (Utah App. 1987).

Here, Baumgart has only reargued the evidence supporting his position. Moreover, most of his arguments go to the credibility of Farm Bureau's witnesses. Thus, he has not demonstrated that the evidence is insufficient to support the trial court's determination, and we are not convinced that a mistake has been made.

## BAD FAITH

■ Baumgart cites *Beck v. Farmers Ins. Exch.,* 701 P.2d 795 (Utah 1985), in support of his final claim that the court erred in not holding Farm Bureau responsible for its mishandling of his account.

Baumgart does not challenge the court's conclusions of law, its application of law, or its analysis of law. Instead, he reargues the evidence supporting his contention that he justifiably relied on Farm Bureau's representations and that Farm Bureau failed to·act in good faith. He challenges the court's findings of fact without marshaling the evidence. *See* Utah R.Civ.P. 52(a); *Reid v. Mutual of Omaha Ins. Co.,* 776 P.2d 896, 899 (Utah 1989); *accord Harker v. Condominiums Forest Glen, Inc.,* 740 P.2d 1361, 1362 (Utah App.1987). We therefore do not consider Baumgart's claims of bad faith.

## CONCLUSION

We therefore affirm the trial court's conclusion that Farm Bureau properly canceled Baumgart's policy, that Farm Bureau should not be estopped from claiming it had canceled the policy, and that there was sufficient evidence for the trial court to conclude that Farm Bureau was not negligent.

BENCH and JACKSON, JJ., concur.