INTERIORS CONTRACTING, INC.,
a Utah corporation, Plaintiff,

v.

SMITH, HALANDER & SMITH ASSOCI-
ATES, a Utah partnership; Walker,
McElliott, Wilkinson & Associates, a
Missouri partnership, Defendants and
Appellee,

v.

COONRADT CONSTRUCTION COM-
PANY, a Utah corporation, et al.,
Defendants and Appellant.

No. 930414–CA.

Court of Appeals of Utah.

Aug. 31, 1994.

Thomas A. Duffin (argued), Hans M. Scheffler, and Bruce L. Dibb, Salt Lake City, for appellant.

L. Benson Mabey (argued), Salt Lake City, for appellee.

Before BILLINGS, P.J., and GREENWOOD and JACKSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

Coonradt Construction Company (Coonradt) appeals from a judgment dismissing its mechanics' lien as untimely filed and thus invalid. We affirm.

## FACTS

This case is before us a second time. Detailed facts pertinent to the initial dispute can be found in *Interiors Contracting, Inc. v. Smith, Halander & Smith Associates,* 827 P.2d 963, 965 (Utah App.1992) (hereinafter *"Interiors I"*). We recite only the facts pertinent to the issues raised in this second appeal. Coonradt's original action seeking to foreclose its August 19, 1987 mechanics' lien was tried without a jury in May 1990. The trial court entered, inter alia, the following conclusions of law: (1) "The work was substantially performed and completed on or before May 10, 1987, and work thereafter performed was insubstantial and trivial;" and (2) "[t]he Coonradt lien is invalid, since it was not timely filed within the requirements of § 38–1–7 UCA." Coonradt appealed.

We reversed and remanded. We noted that section 38–1–7 of the Utah Code specifies that an original contractor must file a notice of mechanics' lien "within 100 days after the completion of his contract," Utah Code Ann. § 38–1–7 (Supp.1987). We made clear, however, that "[a] contract is 'completed,'" when the work (1) "has been 'substantially completed,' leaving only minor or trivial work to be accomplished," *Interiors I,* 827 P.2d at 965 (quoting *Wilcox v. Cloward,* 88 Utah 503, 518, 56 P.2d 1, 6–7 (1936)) and (2) "'has been accepted by the owner.'" *Id.* (quoting *Carlisle v. Cox,* 29 Utah 2d 136, 139, 506 P.2d 60, 62 (1973)). While affirming the

trial court's conclusion with respect to the first prong, that the work was substantially completed on or before May 10, we determined that the trial court had not addressed the second prong, whether the work had been accepted by the owner. *Id.* at 967. We therefore reversed and remanded "for further proceedings on the narrow question of when, under all the circumstances, Coonradt's work was accepted as complete." *Id.* at 969. "If this date was more than 100 days prior to the date Coonradt filed its notice of lien [i.e., prior to May 11, 1987]," we held, "the trial court shall confirm that Coonradt's lien is untimely." *Id.*

Our opinion issued March 2, 1992. Shortly thereafter, the trial court determined it did not need to hear further evidence to resolve the remanded issue. The parties then briefed the issue based upon the facts developed during the earlier three-day trial, and the trial court ruled "after reviewing all of that evidence, that the job was accepted by the government on or before May 4, 1987." The court ultimately entered detailed findings of fact and conclusions of law and a judgment declaring Coonradt's lien invalid.

Coonradt, once again, appeals the trial court's judgment, arguing: (1) the trial court erred in declining to take additional evidence on the remanded issue; and (2) the trial court's findings of fact were clearly erroneous.

## I. NECESSITY OF TAKING ADDITIONAL EVIDENCE

■ Coonradt insists that the trial court erred in refusing to allow it "to present additional evidence to clarify the record." We disagree. Had we felt the trial court needed to take additional evidence, we would have remanded with instructions so specifying, as Utah courts have not hesitated to do in the past. *See, e.g., Oates v. Chavez,* 749 P.2d 658, 660 (Utah 1988) ("We affirm, but remand for the purpose of taking additional evidence...."); *Allen v. Industrial Comm'n,* 729 P.2d 15, 28 (Utah 1986) ("We therefore remand to the Industrial Commission for additional evidence and findings...."). Instead, we merely "remand[ed] to the trial court for further proceedings on the narrow

question of when ... Coonradt's work was accepted as complete." *Interiors I,* 827 P.2d at 969. In the absence of specific instructions, the decision whether to take additional evidence on remand is within the sound discretion of the trial court. *Hackford v. Industrial Comm'n,* 12 Utah 2d 250, 364 P.2d 1091, 1093 (Utah 1961) ("Upon remand it was the prerogative of the Commission either to make a determination upon the evidence in the light of the decision of this court, or if it deemed the interests of justice to so require, to order and hold a supplemental hearing to allow the parties to present additional evidence."); *Stevens v. Collard,* 837 P.2d 593, 598 n. 9 (Utah App.1992) ("It is the trial court's obligation on remand to make adequate findings addressing the issue.... Accordingly, we leave to the trial court's sound discretion the decision whether additional evidence is necessary before a determination and findings can be made."). We find no abuse of discretion in the trial court's determination that additional evidence was not required to resolve the issue before the court on remand.

## II. ADEQUACY OF FINDINGS OF FACT

■ Rule 52 of the Utah Rules of Civil Procedure provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Utah R.Civ.P. 52(a). Findings of fact are clearly erroneous if it can be shown that they are without adequate evidentiary foundation or if they are induced by an erroneous view of the law. *Western Capital & Secs., Inc. v. Knudsvig,* 768 P.2d 989, 991 (Utah App.) (citing *State v. Walker,* 743 P.2d 191, 193 (Utah 1987)), *cert. denied,* 779 P.2d 688 (Utah 1989). Coonradt appears to argue that the trial court's findings of fact were insufficient; were grounded in an erroneous view of the law; and, finally, were not supported by the evidence.

■ Coonradt first asserts that the trial court failed to enter sufficient findings of fact on the issue we specifically identified for resolution on remand. In response to the remanded question of when Coonradt's work was accepted as complete, the trial court

entered the following supplemental findings of fact:

(1) The contract for the remodeling improvements which are the subject matter of this case ... required completion of the entire improvement work by April 17, 1987.

(2) ... From and after April 16, 1987, Coonradt considered the work completed and believed that he was entitled to payment.

(3) GSA's [United States of America, General Services Administration's] tenant agency moved into the remodeled facility in the last part of April, 1987 and fully occupied the remodeled facility.

(4) GSA, the lessee of the subject building and the contracting party for whose benefit the improvements were performed, was to determine Coonradt's entitlement to payment.

(5) GSA made an inspection of the completed work on April 29, 1987 and a final inspection on May 1, 1987. There were no other inspections made by GSA at any time prior to the receipt by the owner WMW [Walker, McElliot, Wilkinson & Associates], of full payment from GSA for the completed work.

(6) Prior to the commencement of the work and at all times thereafter, GSA, WMW and Coonradt knew and understood that following GSA's final inspection and acceptance of the completed work, there would be a normal payment processing period of approximately forty-five (45) days for GSA to make disbursement of full payment for the work.

(7) Lynn Walker, the building manager for WMW, testified that he was authorized to submit his final invoice on May 4, 1987, which he did. The invoice was received at the GSA Denver office on May 8, 1987 and thereafter GSA processed payment in the usual course of business, without requesting further inspections or reinspection of the premises.

(8) There is no evidence in the record to demonstrate that GSA or the owner WMW insisted upon completion of the minor punch-list items prior to processing WMW's invoice and GSA's payment, nor

prior to GSA making full payment under the contract. GSA made full payment in their normal processing time even though two of the minor punch-list items were never completed.

(9) Based on the evidence in the record and after reviewing the same, the court finds that under all of the facts and circumstances, the entire work was accepted as complete by GSA and the owner WMW on or before May 4, 1987.

Coonradt's contention is that the trial court's Finding No. 9, that "the entire work was accepted as complete by GSA and the owner WMW on or before May 4, 1987," is a conclusion of law, not a finding of fact, and thus the trial court committed reversible error in failing to enter sufficient findings of fact. However, Coonradt ignores the trial court's preceding eight detailed findings of fact, which form the basis for the trial court's ultimate determination that the work was accepted on or before May 4, 1987. We conclude that the trial court's findings of fact—Finding No. 9 together with Finding Nos. 1 through 8—are sufficient.

Next, Coonradt argues that the trial court's findings are grounded in an erroneous view of the law. We disagree. Under the legal standard we set forth in *Interiors I*, the trial court's findings are legally relevant. The sole question in the cases we referenced in *Interiors I* was whether a contractor's continued work on trivial tasks at the owner's request would toll the lien filing period. Each case relied on an estoppel theory in holding that it could. In *Gooch v. Hiatt,* 166 Ind.App. 521, 337 N.E.2d 585 (1975), the court relied on the owner's withholding payment until the contractor completed certain trivial items, holding: "[W]here a property owner will not accept lienable work as completed and refuses to pay for the same until satisfactory corrective work is done, such property owner is estopped from asserting that the contracted work has been completed as of an earlier date." *Id.* 337 N.E.2d at 588; *accord Smith v. Bruning Enters., Inc.,* 424 N.E.2d 1035, 1037 (Ind.Ct.App.1981). Similarly, in *Curtis v. McCarthy,* 53 Colo. 284, 125 P. 109 (1912), the court emphasized conditional payment: "There is also evidence

which discloses that the contractor and the agent of the owner refused to accept the work of the plumber until October the 15th, that their excuse was that the sink back was broken, and that it would have to be replaced *before there would be any settlement.*" *Id.* 125 P. at 110 (emphasis added). Likewise, in *Miller Monuments, Inc. v. Asbestos Insulating & Roofing Co.*, 134 Ind.App. 48, 185 N.E.2d 533, 535 (1962), the court noted: "[T]he owner of the real estate would not accept the work as completed *and refused to pay for it* until corrective work was completed to its satisfaction." *Id.* 185 N.E.2d at 535 (emphasis added).

In accordance with the theory outlined in these cases, the trial court's findings properly focus on factors germane to estoppel. Finding No. 2, that Coonradt considered the work complete as of April 16, 1987, shows Coonradt did not rely on any representation that its work was not accepted as complete. Finding No. 5 shows that GSA did not indicate that Coonradt's work was not accepted as complete by insisting that further inspections be made. Finding Nos. 6, 7, and 8 show that payment was not conditioned on completion of the four remaining punch-list items. (Finding No. 8 particularly underscores this fact since GSA rendered full payment even though Coonradt never completed two of the punch-list items.) We therefore conclude that the trial court's findings were grounded in a correct view of the law.

Finally, we address whether the trial court's findings were supported by sufficient evidence. A finding attacked as lacking adequate evidentiary support is deemed "clearly erroneous" only if the appellate court concludes that the finding is against the clear weight of the evidence. *Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d 896, 899–90 (Utah 1989); *In re Estate of Grimm*, 784 P.2d 1238, 1248 (Utah App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990). It is the appellant's burden to marshall the evidence, citing the appellate court to all the evidence in the record that would support the determination reached by the trial court and then demonstrate why, even when viewed in the light most favorable to the court below, it is insufficient to support the finding under attack. *Reid*, 776 P.2d at 899; *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1313 (Utah App.1991); *Saunders v. Sharp*, 793 P.2d 927, 931 (Utah App.1990); *Harker v. Condominiums Forest Glen, Inc.*, 740 P.2d 1361, 1362 (Utah App.1987). We have shown no reluctance to affirm when the appellant fails adequately to marshal the evidence. *See, e.g., West Valley*, 818 P.2d at 1315; *Turnbaugh v. Anderson*, 793 P.2d 939, 944 (Utah App.1990).

Coonradt has not met its burden in this respect. "In order to properly discharge the duty of marshaling the evidence, the challenger must present, in comprehensive and fastidious order, every scrap of competent evidence introduced at trial which *supports* the very findings the appellant resists." *West Valley*, 818 P.2d at 1315 (emphasis in original). Coonradt's briefs merely re-emphasize evidence it deems supportive of its position, while ignoring evidence supportive of the trial court's findings. This effort thus fails at the threshold level of putting before us the evidence upon which the trial court's findings rest.

We therefore hold that the trial court's findings of fact were supported by sufficient evidence and affirm the trial court's judgment that Coonradt's notice of lien was untimely filed.

GREENWOOD and JACKSON, JJ., concur.